


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

TERRELLE MARSHALL and
NATASJA MARSHALL,
    Plaintiffs,                                             :   **JURY TRIAL DEMANDED**

v.                                                                                         :   CIVIL ACTION

The CITY OF PHILADELPHIA,
Law Department
1515 Arch Street
Philadelphia, PA 19102-1595

FILED
MAY -6 2010
by _____ Dep. Clerk

10   2083

THE PHILADELPHIA POLICE DEPARTMENT,
PATRICK RAMSEY, Individually and in his official
capacity as Police Commissioner,
Philadelphia Police Department
6th Police District
750 Race Street
Philadelphia, PA 19106                                             :

Detective VINCENT PARKER,
Individually and in his official capacity as a Philadelphia
Police Detective;                                                            :
Philadelphia Police Department
6th Police District
750 Race Street
Philadelphia, PA 19106                                             :

LYNNE ABRAHAM , Prior District Attorney
The PHILADELPHIA DISTRICT ATTORNEY'S
OFFICE, , Individually and in her/his official
capacity as District Attorney of Philadelphia                :
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-3499                                     :

CLYDE D. GAINEY , Prior Warden
THE CURRAN FROMHOLD CORRECTIONAL
FACILITY, Individually and in his
official capacity as Warden.

MAY  6 2010

P. O. Box 6230
7901 State Road
Philadelphia, PA 19136

MR. LOUIS GIORLA, Individually and in his
capacity as Commissioner.
Commissioners Office
P. O. Box 6230
7901 State Road
Philadelphia, PA 19136

    Defendants      :

---

## COMPLAINT

**Plaintiff's, Terrelle Marshall and Natasja Marshall allege as follows:**

### I. NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S. C. § 1983 that challenges the constitutionality of the actions of the Philadelphia Police Department, the Philadelphia District Attorney, Curran Fromhold Correctional Facility and other officials that resulted in the arrest, detention, and incarceration of Plaintiff, Terrelle Marshall.

2. Plaintiff seeks declaration that the actions of Police, District Attorney and Philadelphia Prison violated their constitutional rights. They also seek redress from all defendants who caused the false arrest, wrongful prosecution and incarceration of Mr. Marshall in the form of nominal, actual, and punitive damages against all Defendants for the flagrant, willful, and knowing violation of Plaintiff's Fourth and Fourteenth Amendment rights, as well as costs of this litigation, including reasonable attorneys' fees.

### II. JURISDICATION

2

2. This Honorable Court has jurisdiction over this action pursuant to 28 U.S. C. § 1331 and § 1343 which confers original jurisdiction on federal district courts in all civil actions arising under the laws and Constitution of the United States.

3. The court has supplemental jurisdiction over the pendant state-law claims pursuant to 28 U.S. C. § 1367 because these claims arise out of the same events as the federal claims.

### III. VENUE

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391 (b), because the claims arose in the district.

### IV. IDENTIFICATION OF PLAINTIFFS

5. Terrelle Marshall is an adult citizen of the United States currently residing in Collingdale, PA., Delaware County.

6. Natasja Marshall is the lawful wife of Terrelle Marshall and an adult citizen of the United States currently residing in Collingdale, PA, Delaware County.

### V. IDENTIFICATION OF DEFENDANTS

7. Defendant City of Philadelphia, Pennsylvania, is a municipal corporation organized and existing under the laws and Constitution of the Commonwealth of Pennsylvania. The City operates and maintains the Philadelphia Police Department Correctional Facilities and the Philadelphia District Attorney's office.

8. Defendant Lynne Abraham, District Attorney for the City and County of Philadelphia, was at the time of the instant matter the chief law enforcement officer for the said City and County. She is sued in her official capacity and at all relevant times she was employed as the Philadelphia District Attorney of the Philadelphia District Attorney's Office and acted within the scope of her employment.

9. Defendant Patrick Ramsey, Police Commissioner for the City and County of Philadelphia, did in fact at the time of the instant matter lead the City of Philadelphia Police Department. He is sued in official capacity and at all relevant times he was employed as the Philadelphia Police Commissioner of the Philadelphia Police Department and acted within the scope of his employment.

10. Defendant Clyde Gainey, Warden for the City and County of Philadelphia Curran Fromhold Correctional Facility, did in fact at the time of the instant matter lead the City of Philadelphia Correctional Facility. He is sued in official capacity and at all relevant times he was employed as the warden of the Curran Fromhold Correctional Facility in the County and City of Philadelphia and acted within the scope of his employment.

11. Defendant, Vincent Parker, Detective for the City and County of Philadelphia Police Department, did in fact at the time of the instant matter work as a Detective for the Philadelphia Police Department. He is sued in official capacity and at all relevant times he was employed as a Philadelphia Police Department Detective and acted within the scope of his employment.

## VI. AVERMENT OF FACTS

12. Paragraphs 1 - 11 of the complaint are incorporated herein by reference, the same as though plead in full.

13. Plaintiffs' arrived home at their Delaware County home on or about May 7, 2008 to find their home in disarray.

14. Plaintiffs' believed their home had been burglarized and proceeded to call the police department.

15. When the Delaware County Police arrived they placed the Plaintiff, Terrelle Marshall in handcuffs explaining that he had an arrest warrant in Philadelphia County.

16. Plaintiff was transferred to Philadelphia County and was handcuffed and arrested for booking.

17. Plaintiff was charged and arrested on or about May 7, 2008, by Officer Vincent Parker of the Philadelphia Police Department on charges of Aggravated Assault (18 § 2702), Criminal Attempt Murder (18 25002), Firearms Not to Be Carried Without of License (18 § 6106), Carry Firearms Public in Philadelphia (18 § 907), Terroristic Threats with Intent to Terrorize Another (18 § 2706), Simple Assault (18 § 2701), Recklessly Endangering Another Person (18 § 2705).

18. Plaintiff appeared in front of Bail Commissioner Patrick Stack and was arraigned on May 8, 2010, and subsequently confined at Curran-Fromhold Correctional Facility and bail was imposed at $250,000 and later reduced upon motion to $175,000.

19. Despite plaintiff's family proving detailed reports of the whereabouts of the Plaintiff on May 3, 2008, it was alleged that Plaintiff committed the aforementioned crimes.

20. The Commonwealth had no probable cause to arrest, restrain, detain and ultimately incarcerate Mr. Marshall. In fact, had the Commonwealth completed any preliminary investigation that would have determined that they indeed wrongly incarcerated the Plaintiff.

21. Upon argument at the Preliminary Hearing, Counsel was granted a line-up for the Plaintiff to be held on July 9, 2009. However, police acting with purpose and malicious intent thwarted the scheduled line-up by failing to deliver Mr. Marshall to the scheduled line-up.

22. At the rescheduled line-up the witnesses and victim described the defendant as having facial hair in the form of a unkempt "kofi beard", standing 5 foot and 8 inches, 180 pounds and a pudgy build all of which did not match the description of Mr. Marshall.

23. A number of the Plaintiffs' family, no less than 5 people, provided signed affidavits that explained Mr. Marshall was at a family barbeque at the time the incident occurred.

24. It was also alleged that the victims identified a car driven by the defendant that matched the description of a car that is owned by Mr. Marshall. Police failed to follow up on this information to wit an investigation would have uncovered that the car owned by the Plaintiff that

5

may have matched the description made by witnesses was inoperable and had been inoperable for several years.

25. It was also uncovered that one of the detectives on the case knew Mr. Marshall from their youth and identified Mr. Marshall as the defendant based solely or in large part on the "nickname" used by the witnesses to describe the defendant. The detective then used the provided information and his knowledge of Mr. Marshall nickname as "Rel" as the basis for probable cause to arrest Mr. Marshall.

26. At the Preliminary Hearing on July 18, 2008, the Commonwealth withdrew the charges and released Mr. Marshall.

27. Plaintiff served a total of 72 days at the Curran-Fromhold Correctional Facility from May 7, 2008, through July 18, 2008.

28. The Commonwealth subsequently requested assistance from Mr. Marshall to testify against the person who they ultimately arrested for the crime Plaintiff was charged.

## VII.   ALLEGATIONS OF LAW

29. Paragraphs 1-28 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

30. All of the acts of Defendants were conducted under the color and pretense of the statutes, ordinances, policies, practices, customs, regulations, and/or usages of the City of Philadelphia and or the Commonwealth of Pennsylvania.

31. The unlawful actions of Defendants, as alleged herein, were taken or ratified by final policy makers for the City of Philadelphia, and thus constitute policies, practices, customs, and usages sufficient to impose municipal liability.

## VIII. Count I
## PLAINTIFF V. ALL DEFENDANTS
## 42 U.S.C. 1983 (False Arrest)

32. Paragraphs 1-31 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

33. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff constituted seizures for purposes of the Fourth and Fourteenth Amendments to the United States Constitution.

34. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff were unreasonable in light of the surrounding circumstances.

35. Defendants' did in fact arrest, restrain, handcuff, transport, and incarcerate Plaintiff without probable cause in violation of the United States Constitution.

36. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

37. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiffs and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## IX. Count II
## PLAINTIFF V. ALL DEFENDANTS
## 42 U.S.C. 1983 (Malicious Prosecution)

38. Paragraphs 1-37 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

7

39. Defendants' initiated a criminal proceeding without probable cause in violation of the Fourth Amendment to the United States Constitution.

40. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff for 72 days pursuant to his preliminary arraignment on 05/08/2008 were a deprivation of his liberty consistent with a seizure in violation of the Fourth Amendment to the United States Constitution.

41. Defendants' did in fact arrest, restrain, handcuff, transport, and incarcerate Plaintiff without probable cause and with malice in violation of the Fourth Amendment rights to the United States Constitution.

42. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

43. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

X. Count III
PLAINTIFF V. ALL DEFENDANTS
42 U.S.C. 1983 (Unreasonable Seizure)

44. Paragraphs 1-43 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

45. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff constituted seizures for purposes of the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff were unreasonable in light of the surrounding circumstances.

47. Defendants' did in fact arrest, restrain, handcuff, transport, and incarcerate Plaintiff without probable cause in violation of the United States Constitution.

48. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

49. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

.

SUPPLEMENTAL STATE CLAIM FALSE IMPRISONMENT

XI.  Count IV
PLAINTIFF V. ALL DEFENDANTS
Supplemental State Claim
(Battery)

50. Paragraphs 1-49 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

51. Defendants' ordered, consented, and or agreed to the physical restraining and handcuffing of Plaintiff without Plaintiffs' consent. Such restraining and handcuffing constituted harmful and offensive bodily contact.

52. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

53. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

### XII. Count V
### PLAINTIFF V. ALL DEFENDANTS
### Supplemental State Claim
### (False Imprisonment)

54. Paragraphs 1-53 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

55. Defendants' ordered, consented, and or agreed to the arrest, physical restraint, handcuffing, transporting to jail, and incarceration. of Plaintiff without Plaintiffs' consent.

56. Defendants' actions in confining Plaintiff was unlawful.

57. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

58.     As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

### XIII.  Count VI
### PLAINTIFF V. ALL DEFENDANTS
### Supplemental State Claim
### (Intentional Infliction of Emotional Distress)

59.     Paragraphs 1-58 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

60.     Defendants' intentionally ordered, consented, and or agreed to the arrest, physically restrain, handcuff, transport to jail, and incarcerate Plaintiff without Plaintiffs' consent.

61.     Defendants' actions in confining Plaintiff was unlawful and outrageous.

62.     As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer severe emotional, psychological and physical damages and losses.

63.     As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## XII. Count VII
### PLAINTIFF V. ALL DEFENDANTS
### Supplemental State Claim
### (Consortium)

64. Paragraphs 1-63 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

65. Defendants' ordered, consented, and or agreed to the arrest, physical restraint, handcuffing, transporting to jail, and incarceration. of Plaintiff without Plaintiffs' consent.

66. Defendants' actions in confining Plaintiff was unlawful and resulted in the loss and or diminishment of care, affection, companionship and sexual contact.

67. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff's were caused to suffer severe emotional, psychological and physical damages and losses.

68. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $175,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

Respectfully submitted

FOR THE PLAINTIFFS,

Michael A. Walker, #94774
The Law Office of
Michael A. Walker
808 Dilworth Lane
Collegeville, PA 19426